# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JAMES GRANT, JR.,  )
                                                 )
      Plaintiff,                 )
                                                 )
v.                                               )      Case No. CV407-185
                                               )               [CV408-003]
CHATHAM COUNTY JAIL; AL ST.  )
LAWRENCE, *Sheriff*; MRS. MOODY,  )
*Nurse, Medical Department, Chatham*  )
*County Jail*,               )
                                             )
      Defendants.           )

## **REPORT AND RECOMMENDATION**

On December 13, 2007, plaintiff filed a complaint pursuant to § 1983. (Doc. 1.) In an order dated December 17, 2007, the Court granted plaintiff's motion to proceed *in forma pauperis* and ordered him to submit a Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) Plaintiff has returned the both forms. (Docs. 4 and 5.) On January 15, 2008, plaintiff filed another complaint and motion to proceed *in*

*forma pauperis* stemming from essentially the same incidents as his previously filed complaint, which the Clerk docketed as a new complaint. Grant v. St. Lawrence, No. CV408-003 (S.D.G.A. filed Jan. 15, 2008). The Clerk is **DIRECTED** to docket the January 15, 2008 complaint as the amended complaint in Case Number CV407-185, and to close the file in Case Number CV408-003. All further filings in this matter are to be docketed under Case Number CV407-185. As the plaintiff has returned the Prisoner Trust Fund Account Statement form and a Consent to Collection of Fees from Trust Account form, the case is ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which the prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are

frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under 42 U.S.C. § 1983.

I. ANALYSIS

Plaintiff alleges that on numerous occasions when his blood sugar levels dropped, defendants did not check on him and treat him sufficiently. (CV408-003, Doc. 1 at 5.) On a few occasions, he claims that he could not get officers to respond to his pleas for assistance. (Id.) Although plaintiff does not detail what response he believes would have been appropriate, he apparently contends that giving him glucose tubes, milk, and a sandwich in response to his concerns was insufficient treatment. (Id.) Plaintiff also alleges that he "ask[ed] the nurse and see [sic] neglected me for my healthcare." (Id.) Plaintiff seeks $2.5 million dollars or early release as relief. (Id. at 6.)

## A. Chatham County Jail and Medical Department

In plaintiff's initial complaint, he names Chatham County Jail and the jail's medical department as defendants. (Doc. 1.) The jail's medical staff is not an entity subject to suit under § 1983. Harris v. Matar, 1995 WL 9247, at *1 (N.D. Ill. 1995) (Department of Corrections Medical Staff is "neither a person nor an entity subject to suit because of a lack of legal existence"); Ferguson v. Morgan, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (correctional facility medical staff not a person under § 1983). Therefore, the jail's medical department is not a proper party to this suit and should be **DISMISSED**.

Nor is the Chatham County Jail a proper defendant. (Doc. 1.) A jail is not an entity subject to suit under § 1983. Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); see Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department

4

not a legal entity subject to suit under § 1983). Therefore, any claims against the jail should be **DISMISSED**.

### B. Mrs. Moody and Sheriff Al St. Lawrence

Although plaintiff names Mrs. Moody[1] and Sheriff Al St. Lawrence as defendants, (Doc. 1 at 1, 4), he fails to offer any specific allegations as to how they contributed to the claimed constitutional deprivations. Indeed, he does not even mention either defendant in the body of the complaint. (Id. at 5.) As plaintiff never alleges that either defendant was in any way personally involved in perpetrating the alleged misconduct, he has failed to state a claim for relief against Mrs. Moody and Sheriff Al St. Lawrence.

To the extent that plaintiff is seeking to hold the defendants liable solely because of their positions as supervisors at the jail, neither defendant is liable for the tortious conduct of his or her subordinates. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. Polk

---

[1] Plaintiff refers to this defendant variously as both "Moody" and "Moddy." The Court assumes that the correct spelling is "Moody."

County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). Plaintiff must show that the supervisor's knowledge amounted to deliberate indifference to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541-1542 (11th Cir. 1994) (Kravitch, J., concurring). Since

plaintiff fails to allege that Al St. Lawrence or Mrs. Moody participated directly in the alleged constitutional deprivations and fails to allege any other causal connection between their acts and the alleged deprivations, neither defendant is a proper party to this suit and both should be **DISMISSED**.

Although plaintiff never specifically mentions Moody in the body of his complaint, he does reference an unnamed "nurse" as a person who "neglected" his medical needs. (Doc. 1.)

Plaintiff's complaint, however, fails to state a claim against this nurse under Bell Atl. Corp v. Twombly, 127 S. Ct. 1955 (2007). According to Twombly, while a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1964-1965. Plaintiff's conclusory statement that he "ask[ed] the nurse and see [sic] neglected me for my healthcare,"[2] clearly fails to meet the minimum pleading

---

[2] Plaintiff appears to claim that the nurse failed to respond to his inquiry about his blood sugar level. Without more, a nurse's failure to convey

7

requirements of the federal rules, for such an allegation fails to show that the nurse violated any constitutional right that would afford plaintiff a remedy under § 1983.

For all the above reasons, plaintiff's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 25th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

such information would not constitute "deliberate indifference" sufficient to state an Eighth Amendment claim for cruel and unusual punishment.